UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| MICHELLE J. A., <br><br>　　　　　　　Plaintiff, <br><br>　v. <br><br>COMMISSIONER OF SOCIAL SECURITY, <br><br>　　　　　　　Defendant. | CASE NO. 3:25-CV-5172-DWC <br><br> ORDER RE: SOCIAL SECURITY DISABILITY APPEAL |

Plaintiff filed this action, pursuant to 42 U.S.C. § 405(g), for judicial review of the denial of her application for Disability Insurance Benefits (DIB). Pursuant to 28 U.S.C. § 636(c), Fed. R. Civ. P. 73, and Local Rule MJR 13, the parties have consented to proceed before the undersigned. After considering the record, the Court finds no reversible error and affirms the Commissioner's decision to deny benefits.

**I.　BACKGROUND**

Plaintiff applied for DIB on June 8, 2021. Administrative Record (AR) 18. Her alleged date of disability onset is July 24, 2020. *Id.* An Administrative Law Judge (ALJ) held hearings on Plaintiff's claim on September 7, 2023 (AR 42–77), and April 3, 2024 (AR 78–126). On April

29, 2024, the ALJ issued a written decision finding Plaintiff not disabled. AR 15–41. The Appeals Council declined Plaintiff's timely request for review, making the ALJ's decision the final agency action subject to judicial review. AR 1–7. On March 2, 2025, Plaintiff filed a Complaint in this Court seeking judicial review of the ALJ's decision. Dkt. 1.

## II.  STANDARD

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of benefits if, and only if, the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (citing *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)).

## III.  DISCUSSION

In her opening brief, Plaintiff argues (1) the transcript of her proceedings is deficient, (2) the ALJ was biased, (3) the ALJ failed to properly develop the record, (4) the ALJ failed to properly consider the medical opinions of Phyong Nguyen, MD, and (5) the ALJ failed to properly consider her subjective symptom testimony.

**A.  Transcript**

Plaintiff contends the record lacks a complete recording of the September 2023 hearing held in this matter. Dkt. 7 at 4–5. At that hearing, after nearly an hour of testimony (AR 44–75), the ALJ indicated she was having difficulties with her internet connection. *See* AR 75. The ALJ indicated she did not hear Plaintiff's response to one question (how long she could walk at one time), asked Plaintiff to repeat that response, and then asked a follow-up question to Plaintiff's response. *See* AR 74–75. After Plaintiff responded, the ALJ indicated she "lost access" and that the matter would require a supplemental hearing. *See* AR 75. That supplemental hearing was held in April 2024. AR 78–126.

1    Plaintiff argues the ALJ erred because the hearing transcript was purportedly incomplete
2    (contravening 20 C.F.R. § 404.951(a)(1)) and because the ALJ referenced Plaintiff's testimony at
3    the September 2023 hearing in the subsequent hearing and her decision. Dkt. 7 at 4–5. But
4    Plaintiff points to no specific deficiency in the September 2023 hearing transcript. There is no
5    indication the ALJ's internet issues affected the audio recording or hearing transcript. Although
6    the ALJ indicated she could not hear two or three of Plaintiff's responses, the transcript
7    nevertheless contains those responses. Further, there is no indication that the ALJ's internet
8    issues affected the remaining thirty-two pages of testimony preceding those issues, so the ALJ
9    was free to reference that testimony at later hearings.

**B.     Duty to Develop Record**

Plaintiff argues the ALJ failed to meet his burden of developing the record. Dkt. 17 at 2. The ALJ "has an independent duty to fully and fairly develop the record," *Tonapetyan v. Halter*, 242 F.3d 1144, 1150 (9th Cir. 2001) (cleaned up), which "is triggered only when there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence," *Ford v. Saul*, 950 F.3d 1141, 1156 (9th Cir. 2020) (quoting *Mayes v. Massanari*, 276 F.3d 453, 459–60 (9th Cir. 2001)). The duty to develop the record cannot shift the burden of proving disability onto the ALJ, *see Mayes*, 276 F.3d at 460, and the Court generally cannot impose procedural requirements beyond those reflected in the Commissioner's regulations and the relevant statutes, *see Vt. Yankee Nuclear Power Corp. v. Nat. Res. Def. Council, Inc.*, 435 U.S. 519, 524, 541–48 (1978).

Plaintiff bases her argument on a statement made by the ALJ at her second hearing:

> I think I'm going to send [Plaintiff] out for a consultative examination. . . . This is such a different file. You're so young, you know, to put you on benefits without these things would be, I think, ill-advise[d] on my part particularly with your

> education level and your past work. So to have a fair assessment, I think that's what we need.

AR 105. The ALJ wrote in her decision that "upon review of the entire file, and consideration of the claimant's testimony at the hearing, the undersigned finds that the evidence is well developed and any additional development of the case is unnecessary." AR 18.

"[T]he decision to order a consultative examination in the first instance is itself discretionary." *Kevin C. v. Comm'r of Soc. Sec.*, No. 2:24-CV-992, 2024 WL 5263719, at *3, *3 n.2 (W.D. Wash. Dec. 31, 2024) (citing 20 C.F.R. § 404.1519a(b); *Reed v. Massanari*, 270 F.3d 838, 841 (9th Cir. 2001)). There is no requirement that the ALJ decide whether to order an examination at the hearing, and Plaintiff identifies no legal source suggesting the ALJ's assessment of the adequacy of the evidence at that time is binding upon her. The ALJ admitted nine exhibits at the second hearing (*see* AR 82) and received additional testimony. Under such circumstances, the ALJ could rationally change her mind regarding the necessity of a consultative examination.

Plaintiff has not identified any other deficiency in the record. To the contrary, the record contained nearly three thousand pages of medical records and medical opinions from treating sources and state agency adjudicators. Under such circumstances, there was no additional duty to develop the record. *See Ford*, 950 F.3d at 1156 ("Given that the ALJ had years of Ford's mental health records and multiple opinions from non-examining psychiatrists to inform her decision, this duty was not triggered.").

C.    **ALJ Bias**

Plaintiff argues the ALJ, in the stating Plaintiff was "so young" (AR 105, quoted in full in the preceding section), displayed bias depriving her of due process and requiring assignment to a different ALJ. Dkt. 7 at 5, 6.

ORDER RE: SOCIAL SECURITY DISABILITY
APPEAL - 4

"[A]ctual bias must be shown to disqualify an [ALJ]." *Bunnell v. Barnhart*, 336 F.3d 1112, 1115 (9th Cir. 2003). Actual bias is a high bar—Plaintiff must show "the ALJ's behavior, in the context of the whole case, was 'so extreme as to display clear inability to render fair judgment.'" *Rollins v. Massanari*, 261 F.3d 853, 858 (9th Cir. 2001) (quoting *Liteky v. United States*, 510 U.S. 540, 551 (1994)). "[O]pinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible." *Liteky*, 510 U.S. at 555. Thus, a judicial predisposition only shows bias and prejudice if it goes "beyond what is normal and acceptable" or is "wrongful or inappropriate." *Id.* at 552. The ALJ is presumed to have acted in an unbiased manner. *See Verduzco v. Apfel*, 188 F.3d 1087, 1089 (9th Cir. 1999).

The ALJ's statement that Plaintiff was "so young" did not display a judicial predisposition beyond that which is normal and acceptable. The ALJ is required to consider a claimant's age in determining whether there is work Plaintiff can perform. 20 C.F.R. §§ 404.1520(a)(4)(v), 404.1560(c)(1), 404.1563(a). Other regulations confirm the commonsense intuition that age often provides important context in assessing medical evidence and vocational ability. *See, e.g.*, 20 C.F.R. §§ 404.1568(d)(4) (different transferability of skills rules for persons over 55); 404.1583(b) and 404.1584(b) (different rules for determining disability based on blindness for different ages); 404.1594(b)(4)(ii) ("age is one key factor" in certain continuing disability reviews); App. 1 to Subpart P, § 3.02(A)–(B) (different criteria for considering respiratory disorders based on age); 4.00(G)(4)(a) (lymphedema appears "usually after age 35"); 12.00(H)(4) (intellectual disorder must develop before age 22).

1    These regulations, considered together, show age is a valid contextual consideration in
2    the disability process. Hence, a single remark at one hearing about Plaintiff's age—which did not
3    appear to form any basis for the ultimate determination—does not reveal "a wrongful or
4    inappropriate" judicial predisposition going beyond that which is "normal and acceptable." *See*
5    *Liteky*, 510 U.S. at 552. Plaintiff has thus not rebutted the presumption that the ALJ was
6    unbiased.

7    **D.    Dr. Nguyen's Medical Opinion**

8    Dr. Nguyen submitted several statements in connection with Plaintiff's claim. First, Dr.
9    Nguyen completed a form in March 2023 opining Plaintiff could not work for a 32-month period
10    but thereafter could work in a low-light environment. *See* AR 3142. Second, Dr. Nguyen opined
11    in January 2024 that Plaintiff could do no lifting for eight weeks. *See* AR 2750. Finally, in March
12    2024, Dr. Nguyen opined Plaintiff could lift less than 10 pounds and stand or walk less than two
13    hours, and that Plaintiff had several other environmental and postural limitations. *See* AR 2509–
14    11.

15    As the ALJ noted, the portion of Dr. Nguyen's first statement opining Plaintiff could not
16    work is a statement on an issue reserved to the Commissioner for which the ALJ was not
17    required to articulate his analysis. *See* AR 30; 20 C.F.R. § 404.1520b(c)(3)(i) ("[S]tatements that
18    [a claimant is or is] not disabled . . . or able to perform regular or continuing work" are
19    "statements on issues reserved to the Commissioner," which the ALJ "will not provide any
20    analysis about.").

21    Because Dr. Nguyen's second statement about no lifting for eight months opined only a
22    short-term limitation, it has no bearing upon the ALJ's RFC determination. *See* SSR 23-1p
23    ("[W]e will not include limitations in the RFC assessment that completely resolve, or that we
24    

ORDER RE: SOCIAL SECURITY DISABILITY
APPEAL - 6

expect to completely resolve, within 12 months."). For that reason, any error in considering the second statement is harmless, as a different assessment of that statement would not require a different RFC formulation. *See Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (error harmless if "there remains substantial evidence supporting the ALJ's decision and the error does not negate the validity of the ALJ's ultimate conclusion").

Thus, Dr. Nguyen's third statement opining limitations in walking, standing, lifting, and environmental and postural areas and the portion of her first statement opining Plaintiff required a low-light environment was the only medical opinion proffered by Dr. Nguyen that the ALJ was required to consider and of which the ALJ's improper consideration might constitute reversible error.

For applications, like Plaintiff's, filed after March 27, 2017, ALJs need not "defer or give any specific evidentiary weight, including controlling weight, to" particular medical opinions, including those of treating or examining sources. *See* 20 C.F.R. §§ 404.1520c(a), 416.920c(a). Rather, ALJs must consider every medical opinion in the record and evaluate each opinion's persuasiveness, considering each opinion's "supportability" and "consistency," and, under some circumstances, other factors. *Woods v. Kijakazi*, 32 F.4th 785, 791 (9th Cir. 2022); 20 C.F.R. §§ 404.1520c(b)–(c), 416.920c(b)–(c). Supportability concerns how a medical source supports a medical opinion with relevant evidence, while consistency concerns how a medical opinion is consistent with other evidence from medical and nonmedical sources. 20 C.F.R. §§ 404.1520c(c)(1), (c)(2); 416.920c(c)(1), (c)(2).[1]

---

[1] Plaintiff asserts that, because Dr. Nguyen was a treating source, her opinion must be given controlling weight if supported and consistent with the objective medical evidence. Dkt. 7 at 8 (citing 20 C.F.R. § 404.1527(d). But this argument relies upon the old regulations for considering medical opinions, which are inapplicable to her claim. *See* 20 C.F.R. § 404.1520c.

ORDER RE: SOCIAL SECURITY DISABILITY APPEAL - 7

The ALJ considered Dr. Nguyen's third statement, along with her statement that Plaintiff would require a low-light environment, and found the opinions unpersuasive. *See* AR 30–31. With respect to supportability, the ALJ noted Dr. Nguyen's examinations of Plaintiff revealed no mental or physical abnormalities. *See* AR 30. As the ALJ noted, Plaintiff was in no distress and had a normal mood and thought process, and Dr. Nguyen had no objective findings related to migraines or physical difficulties. *Id.* (citing AR 2589, 3149). The ALJ properly found Dr. Nguyen's opinion unsupported on this basis. *See Stiffler v. O'Malley*, 102 F.4th 1102, 1107 (9th Cir. 2024) (affirming rejection of medical opinion that "included only conclusions regarding functional limitations without any rationale for those conclusions" along with largely normal mental status findings).

Further, the ALJ found the opinion inconsistent with normal physical examination results in the record, which included findings of full strength, normal range of motion, intact sensation, normal gait, and no focal neurological deficits. AR 30 (citing AR 411–12, 418, 436, 453, 636, 948, 962, 976, 1081, 1100–01, 1113, 2034, 2728, 3282). Such evidence is reasonably found inconsistent with the severe physical limitations opined by Dr. Nguyen. Similarly, the ALJ cited to numerous appointments where Plaintiff was in no apparent distress and noted a paucity of objective evidence suggesting a need for a low-light environment. AR 30 (citations omitted). This, too, was a reasonable basis on which the ALJ could find Dr. Nguyen's opinion inconsistent with the evidence of record.

In sum, the ALJ provided proper reasons for finding unpersuasive those portions of Dr. Nguyen's that she was required to address.

### E. Subjective Symptom Testimony

Plaintiff contends the ALJ erred in considering her testimony regarding her migraines, depression, and anxiety. Dkt. 7 at 9–10. Where (as is the case here, *see* AR 26) the ALJ finds Plaintiff has presented evidence of one or more impairments that could be reasonably expected to cause her alleged symptoms and there is no affirmative evidence of malingering, the ALJ must give specific, clear, and convincing reasons for discounting Plaintiff's testimony. *See Garrison v. Colvin*, 759 F.3d 995, 1014–15 (9th Cir. 2014) (citing *Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996)).

With respect to Plaintiff's migraines, Plaintiff testified her migraines prevented her from attending work regularly, but the ALJ found this inconsistent with her course of treatment for her migraines. *See* AR 26, 28. As the ALJ noted, Plaintiff indicated at appointments that her Nurtec medication was effective and reduced the intensity and frequency of her migraines by more than 50%, and Plaintiff also indicated her prism glasses reduced the frequency of her migraines. *See* AR 28 (citing AR 1657, 2054, 2067). The ALJ reasonably found such a course of treatment inconsistent with allegations of persistent, debilitating migraines. *See Wellington v. Berryhill*, 878 F.3d 867, 876 (9th Cir. 2017) (ALJ can consider improvement in discounting subjective testimony); *Smartt v. Kijakazi*, 53 F.4th 489, 498 (9th Cir. 2022) ("When objective medical evidence in the record is *inconsistent* with the claimant's subjective testimony, the ALJ may indeed weigh it as undercutting such testimony.") (emphasis in original).

With respect to Plaintiff's depression and anxiety, the ALJ's description of Plaintiff's testimony does not suggest she described specific symptoms related to these impairments except that Plaintiff would struggle with conflict. *See* AR 26. Plaintiff similarly identifies no such testimony, describing only some related test results. *See* Dkt. 7 at 9–10.

Nevertheless, to the extent Plaintiff's testimony regarding these impairments was inconsistent with the RFC, the ALJ adequately considered such allegations. The ALJ found the allegations inconsistent with "unremarkable findings, such as being alert, cooperative, and in no acute distress with normal behavior, speech, dress, thought process, age-appropriate or grossly intact memory, and good insight and judgment." AR 26 (citations omitted). The ALJ could reasonably find such evidence inconsistent with allegations of debilitating depression and anxiety, as such evidence suggests that, whatever the extent of her impairments demonstrated by the testing Plaintiff relies upon, the impairments did not have a significant effect on her functioning. Plaintiff argues the ALJ improperly relied upon appointments where she "was not suffering from severe symptoms" (Dkt. 7 at 9), but she cites no evidence demonstrating the evidence relied upon by the ALJ was not reflective of her normal functioning, nor can the Court find significant abnormal evidence demonstrating a significant effect on her functioning.

In sum, the ALJ provided specific, clear, and convincing reasons for rejecting Plaintiff's testimony regarding her migraines, depression, and anxiety.

## IV.   CONCLUSION

For the foregoing reasons, the Court hereby **AFFIRMS** Defendant's decision denying benefits.

Dated this 30th day of September, 2025.

David W. Christel
United States Magistrate Judge